# United States District Court
## Western District Of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 07-CR-0021-C-01 |
| THOMAS E. WILLIAMS | **Defendant's Attorney:** Corey Chirafisi |

The defendant, Thomas E. Williams, pleaded guilty to count 1 of the information.

Count 2 of the information is dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| Violation No. A2199901 | Wisconsin State Statute 346.63(1)(a) and 18 U.S.C. § 13 - Operating a Motor Vehicle Under the Influence of an Intoxicant, 5th Offense, a Class D felony | November 10, 2006 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | June 27, 1971 | | February 12, 2009 |
| **Defendant's USM No.:** | 06367-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | c/o Richard Williams (father)<br>816 Aspen Lane<br>Tomah, WI 54660 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | 805 Birch Lane<br>Tomah, WI 54660 | | Barbara B. Crabb<br>District Judge |
| | | | February 12, 2009 |
| | | | Date Signed: |

# IMPRISONMENT

As to Violation No. A2199901, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 18 months. I recommend that defendant be afforded the opportunity to participate in substance abuse education and treatment programs and afforded pre-release placement in a residential re-entry center with work release privileges.

Further, it is ordered that defendant's driving privileges are revoked <u>within the special maritime and territorial jurisdiction of the United States</u> for a period of three years in addition to any previous revocation orders. The U.S. Attorney's Office is to furnish the Judge Advocate's Office, an FRC-FM-JA, Attn: "Byers," 100 East Headquarters Road, Fort McCoy, Wisconsin 54656-5263, a copy of the judgment and commitment so that the Provost Marshal's Office may notify the Department of Transportation.

Defendant is neither a flight risk nor a danger to the community. Therefore, execution of the sentence of imprisonment only is stayed until August 14, 2007, when he is to report to an institution to be designated by further court order between the hours of 12:00 noon and 2:00 p.m.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

Case: 3:07-cr-00021-bbc Document #: 32 Filed: 02/12/09 Page 3 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)      DEFENDANT: THOMAS E. WILLIAMS      CASE NUMBER: **07-CR-0021-C-01**      Amended Judgment - Page 3

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

Defendant shall also comply with the following special conditions:

1) Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

2) Refrain from the use of alcohol and participate in substance abuse treatment and testing as directed by the supervising U.S. probation officer;

3) Provide the supervising U.S. probation officer any and all requested financial information; and

4) Comply with the terms of any court-ordered child support obligations.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $1,800.00 | $0.00 |
| Total | $100.00 | $1,800.00 | $0.00 |

The above fine includes any costs of incarceration or supervision or both.

It is adjudged that defendant is to pay a $100 criminal assessment penalty and a fine in the amount of $1,800. No interest is to accrue on any unpaid portions of the fine. Over the period of incarceration, defendant shall make fine payments of either quarterly installments of a minimum of $25 if he is working in a non-UNICOR position or a minimum of half of his monthly earnings if he is working for UNICOR.

Defendant is to begin making payments of $65 a month toward his fine beginning within 30 days of his release from custody.

Case: 3:07-cr-00021-bbc   Document #: 32   Filed: 02/12/09   Page 6 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: THOMAS E. WILLIAMS     CASE NUMBER: **07-CR-0021-C-01**     Amended Judgment - Page 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.